(74 App. Div. 138.)

HIRAM RICKER & SONS v. LEIGH.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. TRADE-NAME—TEMPORARY INJUNCTION—GROUNDS FOR AWARDING.
   Where the proprietor of a natural spring of water bottled and sold it as "Poland Water," and it appeared by affidavit that defendant had taken the bottles with that label, and refilled them with distilled water, and sold them as genuine "Poland Water," and had pleaded guilty in a criminal prosecution therefor, the proprietor should have been awarded a temporary injunction in his action against defendant for permanent injunctive relief, notwithstanding defendant's disclaimer of intention to infringe his rights.

Appeal from special term.

Action for an injunction by Hiram Ricker & Sons against Charles N. Leigh. From an order refusing a temporary injunction, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Philip Carpenter, for appellant.
Edwin S. Merrill, for respondent.

PATTERSON, J. We are not informed of the reasons which induced the learned judge at special term to deny the plaintiff's motion for an injunction pendente lite, but, from an examination of the papers presented upon the appeal, we assume it must have been because the defendant disclaimed any intention to commit the acts to restrain which the injunction was applied for, and under such disclaimer the court did not see any reason for apprehending that during the pendency of the suit anything prejudicial to the rights of the plaintiff would be done by the defendant. As we read the papers on this appeal, we think that the plaintiff has established a clear right to the injunction it asked for. It is a corporation organized under the laws of the state of Maine, and carrying on business in the city of New York. It is the owner and proprietor of a natural spring

of water, and for many years the water flowing from that spring has been known under the name of Poland Water, and has been put up by the proprietor in glass bottles, which have been labeled and sold by the plaintiff under the name of Poland Water. It is made to appear by affidavit that this defendant had, prior to the beginning of this action, taken the bottles which had contained genuine Poland Water, and which bore the plaintiff's labels, trade-marks, seals, and signature, filled them with distilled water which was not Poland Water, and sold them, with their contents of distilled water, as and for genuine Poland Water. It further appears that the defendant was prosecuted criminally for committing the acts of which the plaintiff complains, and that he pleaded guilty in the court of special sessions in the First division of the city of New York, was fined for the offense, and that he paid the fine.

Here, then, there is in proof the fact that the defendant has committed acts which would entitle the plaintiff upon final judgment to the relief he demands of an injunction to restrain the defendant and his servants from using the Poland Water bottles, trade-marks, labels, seals, or other property of the plaintiff in the sale of any other than genuine Poland Water, and from refilling such bottles with any other than such genuine Poland Water. It may be that the defendant will voluntarily desist from infringing the rights of the plaintiff hereafter, but that possibility, or even probability, furnishes no ground for denying the plaintiff the protection of an injunction. The plaintiff is not compelled to rely upon the defendant's present virtuous intentions. What the defendant did was a wanton invasion of the plaintiff's right, as well as a deception practiced upon the public, and a repetition of such acts should be prevented effectually by the restraining order of a court of equity.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for an injunction pendente lite granted, with $10 costs. All concur.